UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINCENT CIRRINCIONE,

    Plaintiff,

v.                           CASE NO.:_____

THE DAVEY TREE EXPERT COMPANY,
A Florida Profit Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, The Davey Tree Expert Company, a Florida [sic] Profit Corporation ("Defendant" or "Davey Tree"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully removes the above-captioned action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, on the following grounds:

    1.    On May 25, 2022, Plaintiff Vincent Cirrincione ("Plaintiff") filed his Complaint against Davey Tree in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, case styled *Vincent Cirrincione v. The Davey Tree Expert Company, a Florida [sic] Profit Corporation*, Case No. 2022-CA-004690-O.

    2.    On June 30, 2022, Defendant received, through service, a copy of the Summons and Plaintiff's Complaint. Copies of all process, pleadings, orders and

other papers currently on file in the state court action are attached hereto as **Composite Exhibit A.**

3. In the Complaint, Plaintiff claims he was subjected to whistleblower's retaliation in violation of the Florida Private-Sector Whistleblower's Act, Fla. Stat. §448.102 ("FWA"). (Compl. at ¶¶ 1, 23.)

4. The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

5. This action is properly removed to federal court because this Court has diversity jurisdiction under 28 U.S.C § 1332: there is a complete diversity of citizenship between Davey Tree and Plaintiff, and the amount in controversy exceeds $75,000.00.

6. Title 28 U.S.C § 1441(a) further provides that removal must be made to the district court division embracing the place where such action is pending. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003). This action was pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, prior to removal, and the events alleged by Plaintiff giving rise to

his claims allegedly occurred in Orange County, Florida. (Compl. ¶ 7.[1]) Therefore, venue properly lies in this Court, the Orlando Division of the Middle District of Florida, for purposes of removal under 28 U.S.C §§ 1441(a) and 1332.

7. Removal is timely under 28 U.S.C. § 1446(b)(1) if it is accomplished "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

8. This Notice of Removal is timely because it is filed within thirty (30) days from June 30, 2022, the date on which Davey Tree received, through service, a copy of Plaintiff's Complaint.

9. This case is being removed under 1 year after its commencement. None of the subsections of 28 U.S.C. § 1446(c) apply to bar the removal.

10. Pursuant to 28 U.S.C § 1446(d), written notice of the filing of this notice will be served on Plaintiff, the only adverse party, and a copy of this notice will also be filed with the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The Notice of Filing Notice of Removal that is being filed in the state court is attached hereto as **Exhibit B**.

---

[1] Plaintiff's Complaint also states that Plaintiff worked for Defendant in Volusia County, Florida (Compl. ¶6), which is a typo given the allegations in Paragraphs No. 2, 3, 7, and 8 of the Complaint that either Defendant does business, employed Plaintiff, or that the alleged complained of conduct allegedly occurred in Winter Park, Orange County, Florida. (Compl. ¶¶ 2-3, 7-8.) *See also* Declaration of Anna C. Davis ("Davis Decl.") at ¶ 2.

3

## **The Parties Are Completely Diverse From One Another**

11. This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(b) based on a complete diversity of citizenship between Defendant and Plaintiff.

12. Plaintiff resided in Orlando, Orange County, Florida, when he began his employment with Davey Tree, and subsequently changed his permanent residence address to Altamonte Springs, Orange County, Florida. Davis Decl. at ¶ 3. Therefore, Plaintiff is a citizen of the State of Florida for purposes of his Complaint.

13. Despite Plaintiff's incorrect claim in the Complaint that Davey Tree is a Florida profit corporation (Compl. ¶ 3), Davey Tree is, and at all material times has been, a foreign corporation incorporated under the laws of the State of Ohio with its principal place of business in Kent, Ohio. Davis Decl. at ¶ 5 & Exh. A. For purposes of diversity jurisdiction, Davey Tree is, therefore, a citizen of Ohio. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) ("Corporations are 'citizens' for diversity purposes wherever they are incorporated and have their principal place of business." (citing 28 U.S.C. § 1332(c)(1))). The named Defendant, a citizen of Ohio, is completely diverse from Plaintiff, a citizen of Florida. This action is, therefore, properly removable to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## **The Amount in Controversy Exceeds $75,000.00**

14. This Court has original jurisdiction over this civil action because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiff states in his Complaint: "This is an action for damages exceeding $30,000, exclusive of attorneys' fees, interest, and costs." (Compl. at ¶ 5.)

16. Plaintiff seeks, inter alia, back pay, front pay, compensatory damages, and attorneys' fees and costs. (Compl. at ¶ 1, p. 4.) Therefore, Defendant is entitled to remove this case on diversity grounds if it can show, by a preponderance of the evidence, that Plaintiff's claims more likely than not[2] meet the amount-in-controversy requirement. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1060–61 (11th Cir. 2010).

17. Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal. *Pretka*, 608 F.3d at 751. "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. To assist the court in its assessment, moving parties may provide additional evidence, including documents, business records and affidavits, to meet

---

[2] "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Koler City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *see Montanez v. Integon Indem. Corp.*, No. 6:15-cv-2078-22KRS, 2016 U.S. Dist. LEXIS 190186, at *3 (M.D. Fla. Feb. 1, 2016) ("A defendant . . . is by no means pigeon-holed into proving the absolute value in controversy in its notice of removal"). "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Pretka*, 608 F.3d at 754.

their burden. *Pretka*, 608 F.3d at 755. When analyzing the amount in controversy on removal, courts consider the maximum recovery Plaintiff **could** receive if he prevailed on all disputed issues. *Id.* at 751; *see S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (the amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." (quotations omitted)).

18. Here, Davey Tree can show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Specifically, Plaintiff seeks damages for retaliation in violation of the FWA, including **back pay, front pay, compensatory damages, and attorneys' fees and costs.** (Compl. at ¶ 1, p. 4.)

19. The amount "in controversy" in this civil action is in excess of the jurisdictional limit at issue. By making the analysis that follows, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

20. The FWA provides successful plaintiffs with compensation for lost wages, benefits, and other remuneration, any other compensatory damages allowable at law, and attorneys' fees and costs. Fla. Stat. §§ 448.103(2), 448.104.

21. In FWA cases, courts look to the entire range of damages available to plaintiffs, considering the damages cumulatively and applying judicial experience

and common sense to determine whether the plaintiff's alleged damages more likely than not exceed the threshold for removal jurisdiction. *See, e.g.*, *Brown v. Wendy's Int'l, LLC*, No. 6:21-CV-449-WWB-LRH, 2021 WL 2886078, at *2-4 (M.D. Fla. July 9, 2021); *O'Neill v. KB Home Inc.*, No. 07-61490-CIV, 2008 WL 11419017, at *3 (S.D. Fla. Jan. 2, 2008).

22. <u>Compensatory Damages</u>: Awards of compensatory damages are uncapped under the FWA and regularly meet or exceed $75,000.00. *See, e.g.*, *Harden v. Baywood Nursing Center, Inc.,* 06 FJVR 8-71 (Fla. Cir. Ct. Pinellas Cnty., Fla., Dec. 13, 2005) (verdict for $125,000 for mental anguish, emotional distress, and loss of reputation). *See also* **Exhibit C**, Verdict Form, *Erwin v. Sch. Bd. of Hillsborough Cnty.*, Case No. 8:02-cv-02284-JDW-MAP (M.D. Fla. Dec. 15, 2004) (verdict for $175,000 for mental pain and emotional anguish on FWA and First Amended retaliation claims). Courts have also found that compensatory damages contributed to pushing the amount in controversy of FWA claims substantially higher than the jurisdictional threshold. *See O'Neill*, 2008 WL 11419017, at *3 (noting that the FWA allows for the recovery of compensatory damages, "which can be considered in the Court's determination of the value of the Plaintiff's claim" (citing *Brown v. Cunningham Lindsey U.S.*, Inc., 2005 WL 1126670 *5 (M.D. Fla. May 11, 2005) ("While [the plaintiff] does not place a dollar figure on her . . . compensatory damages claim, the Court concludes that these additional damages claims further increase the amount in controversy well above the $75,000 jurisdictional threshold"))).

23. <u>Back Pay</u>: Successful plaintiffs in FWA actions may be entitled to back pay as well. *See Wendy's Int'l, LLC*, 2021 WL 2886078, at *2–4; *see also e.g.*, *Portaro v. Livemercial, Inc.*, No. 609-CV-757-ORL-28KRS, 2009 WL 10670423, at *2 (M.D. Fla. Sept. 30, 2009) (considering an employer's affidavit to conclude that calculation of the amount of back pay alone exceeded the jurisdictional threshold); *Sheehan v. Westcare Found., Inc.*, No. 8:12-CV-2544-T-33TBM, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013) (same); *Fla. Stat.* § 448.103(2). Here, Plaintiff earned $22.00 per hour while working for Davey Tree ($33.00 per hour overtime rate), and averaged approximately $1092.10 per week when factoring in overtime. Davis Decl. at ¶ 4. At the time of removal, the period for calculating Plaintiff's potential back pay is approximately forty-eight weeks. (Compl. ¶ 8.) Thus, even as early as the date of removal, Plaintiff's potential back pay damages amount to approximately $52,420.80 ($1092.10 per week x 48 weeks). Further, back pay for purposes of the amount-in-controversy requirement should be calculated to the date of trial. *Sheehan*, 2013 WL 247143, at *2 ("The Court agrees with Westcare that 'back pay for purposes of the amount in controversy requirement should be calculated to the date of trial.'" (quoting *Fusco v. Victoria's Secret Stores, LLC,* 806 F.Supp.2d 1240, 1244 (M.D. Fla. 2011); *Hendry v. Tampa Ship, LLC,* No. 8:10–cv–1849, 2011 WL 398042, at *2 (M.D. Fla. Feb.4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Cashman v. Host Intern., Inc.,* No. 8:10–cv–1197, 2010 WL 4659399, at *1 (M.D. Fla. Nov.9, 2010) (same))). Accordingly, an additional

8

estimated 52 weeks can be included in the back pay analysis. Plaintiff's back pay damages would therefore include an additional $56,789.20 ($1,092.10 per week x 52 weeks). Accordingly, Plaintiff's back pay total alone would be **$109,210.00**, which already exceeds the requisite amount-in-controversy threshold.

24. Front Pay: Additionally, Plaintiff seeks a front pay award, which is available under the FWA and may be considered for amount in controversy purposes. *See Wendy's Int'l, LLC*, 2021 WL 2886078, at *3 ("Plaintiff is entitled to front pay damages under the FWA. Additionally, the Eleventh Circuit has held that disputes under the FWA may be treated similarly to retaliation disputes under Title VII, where plaintiffs are presumptively entitled to recover front pay" (citations omitted)). In *Wendy's Int'l, LLC*, the court discussed that including up to one year of front pay in the amount-in-controversy calculation was reasonable. *Id.* at *15 ("[B]ecause some amount of front pay will presumptively be awarded in this dispute, . . . this Court finds that it is more likely than not that, . . . at least $40,000.00 [approximately 8.5 months of plaintiff's annual salary] of front pay is at issue in this litigation" (citing *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013) (the district court did not abuse its discretion in awarding the plaintiffs one year of front pay in a Title VII dispute); *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-CV-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (one year of front pay to the amount in controversy was reasonable where the plaintiff is presumptively entitled to recover front pay)). Multiplying Plaintiff's average weekly salary by 52 weeks, Plaintiff has a potential front pay award of

approximately $**56,789.20**. In sum, the amount in controversy well exceeds $75,000.00 in lost wages alone ($**109,210.00** in back pay plus $**56,789.20** in front pay).

25.   Attorneys' Fees: Plaintiff has relied upon the FWA for the relief he is seeking in this action. Plaintiff's claims under the FWA is a statutory cause of action which entitles a prevailing party to recover reasonable attorneys' fees. Fla. Stat. §§ 448.104. "[W]hen a statutory cause of action entitled a prevailing party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000), *cert. denied*, 331 U.S. 957 (2000); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (same). Courts make reasonable estimates with respect to attorneys' fees in determining the amount in controversy for removal purposes. *See, e.g.*, *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (making an estimate with respect to attorneys' fees on a Florida Civil Rights Act case in denying motion to remand). In establishing the "reasonable amount of fees," the Court can take judicial notice that attorneys' fees sought in FWA retaliation cases routinely approach the $75,000.00 threshold. *See, e.g.*, *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1257 (11th Cir. 2014) (affirming $53,925.98 in attorneys' fees on FWA claim); *Canalejo v. ADG, LLC*, No. 8:14-CV-17-T-MAP, 2015 WL 7351446, at *7 (M.D. Fla. Nov. 20, 2015) (awarding $54,918 in attorneys' fees on FWA claim).

Accordingly, it is sufficiently clear that when Plaintiff's monetary claims in this litigation are combined with his statutory claims for attorneys' fees and compensatory damages, it is more likely than not the amount at issue here exceeds the $75,000.00 jurisdictional threshold. Defendant, therefore, has clearly met the amount-in-controversy requirement for diversity of citizenship jurisdiction under § 1332(a).

WHEREFORE, on the foregoing basis, Defendant respectfully submits that removal of this action from the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, to this Court is proper.

Dated this 20th day of July, 2022.

> By: */s/ Luis A. Santos*
> Luis A. Santos
> Florida Bar No. 84647
> lsantos@fordharrison.com
> lwebber@fordharrison.com
> Viktoryia Johnson
> Florida Bar No. 125545
> vjohnson@fordharrison.com
> dbradley@fordharrison.com
>
> 101 E. Kennedy Boulevard
> Suite 900
> Tampa, Florida 33602
> Telephone: (813) 261-7800
> Facsimile: (813) 261-7899
>
> Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Noah E. Storch
noah@floridaovertimelawyer.com
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 102
Davie, Florida 33324

*/s/ Luis A. Santos*
Attorney

WSACTIVELLP:13152318.3