**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VINCENT CIRRINCIONE,

       Plaintiff,

v.                                                     Case No:   6:22-cv-1275-PGB-LHP

THE DAVEY TREE EXPERT
COMPANY,

       Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   AMENDED MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND DEPOSITION (Doc. No. 25)
>
> **FILED:**      December 13, 2022
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On May 25, 2022, Plaintiff Vincent Cirrincione, who at the time was represented by counsel, filed a complaint in state court against Defendant The Davey Tree Expert Company, alleging a single claim of retaliation in violation of

Florida's Whistleblower Act, Fla. Stat. § 448.102(3). (Doc. No. 1-5). Defendant removed the case to this Court on July 20, 2022, based on diversity jurisdiction. (Doc. No. 1); *see also* 28 U.S.C. § 1332(a)(1). Discovery commenced on or about August 5, 2022, and concludes on September 5, 2023. *See* Doc. Nos. 11-12; Fed. R. Civ. P. 26(d)(1).

On November 1, 2022, the Court granted Plaintiff's counsels' motions to withdraw. (Doc. No. 22). Since that time, Plaintiff has been proceeding *pro se*.

By the present motion, Defendant seeks an order compelling Plaintiff to respond to its first set of interrogatories and first request for production of documents. (Doc. No. 25; *see also* Doc. No. 25-1). Defendant further requests an order compelling Plaintiff to cooperate in the scheduling of his deposition. (Doc. No. 25). According to the motion, Defendant has been attempting to obtain responses to its written discovery since September 2022, and first requested a date for Plaintiff's deposition on August 5, 2022. (*Id.*, at 1). Plaintiff's prior counsel did not provide either. (*Id.*). And following the withdrawal of Plaintiff's counsel, Defendant has been attempting to obtain this discovery and deposition date from Plaintiff directly, via numerous emails and phone calls throughout the month of November 2022. (*Id.*, at 2). But Plaintiff did not respond. (*Id.*).

Plaintiff also has not responded to Defendant's motion to compel, and the time to do so has long expired. *See* Doc. No. 14 ¶ 5 (providing that a response in

opposition to a discovery motion must be filed no later than five (5) days after the motion is filed).  *See also* Doc. No. 26.  Accordingly, the Court deems the motion to be unopposed.  *See* Doc. No. 14 ¶ 5 (emphasis added) ("[A] failure to file a timely response *will* result in the Motion being deemed unopposed.").  *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).  Plaintiff's *pro se* status does not absolve him from his duty to litigate his case, to respond to discovery as appropriate, and to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Defendant's motion well taken.  The Court further finds Defendant's request for sanctions under Federal Rule of Civil Procedure 37 well

taken. (Doc. No. 25, at 3). Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, Defendant's motion (Doc. No. 25) is **GRANTED**, and it is **ORDERED** as follows:

1. On or before **February 17, 2023**, Plaintiff shall serve on Defendant complete, sworn answers to Defendant's first set of interrogatories. *See* Doc. No. 25-1, at 2–21.

2. On or before **February 17, 2023**, Plaintiff shall produce all documents in his current possession, custody, or control responsive to Defendant's first requests for production of documents. *See* Doc. No. 25-1, at 22-37.

3. All objections to the discovery at issue, other than attorney-client privilege, have been waived by the failure to timely respond to the motion to compel. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL

213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned).

4. On or before **February 17, 2023**, Plaintiff shall provide to Defendant three (3) dates that he is available for a full-day in-person deposition. If Plaintiff does not provide these dates by this deadline, Defendant may unilaterally set the deposition. *See* Middle District Discovery, § II.A.1. (February 1, 2021).

5. On or before **February 17, 2023**, Plaintiff and counsel for Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendant for the filing of the present motion. The parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on February 21, 2023.** If the parties are unable to reach an agreement by that time, Defendant shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion. That motion shall be filed by **February 28, 2023**.

6. **Plaintiff is cautioned that failure to comply with this Order may result in sanctions, including a recommendation that this case be dismissed.** *See* **Fed. R. Civ. P. 37(b)**.

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties