# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VINCENT CIRRINCIONE,

        Plaintiff,

v.                                Case No:   6:22-cv-1275-PGB-LHP

THE DAVEY TREE EXPERT
COMPANY,

        Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL OF PLAINTIFF'S COMPLAINT AND FOR ATTORNEYS' FEES INCURRED IN PREPARATION OF DEFENDANT'S AMENDED MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND DEPOSITION (Doc. No. 29)**
>
> **FILED:**    **February 22, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part, DENIED in part, and DENIED without prejudice in part**.

Plaintiff was initially represented by counsel in this matter, but on November 1, 2022, his counsel withdrew.   *See* Doc. No. 22.   Plaintiff has since been proceeding *pro se*.   *See id.*

On December 9, 2022, Defendant filed a motion to compel Plaintiff's discovery responses and deposition.   Doc. No. 23.   However, the Court denied that motion without prejudice for failure to comply with the Standing Order on Discovery Motions.   Doc. No. 24.   *See* Doc. No. 14.

On December 13, 2022, Defendant filed a renewed motion to compel, in compliance with the Standing Order.   Doc. No. 25.   Plaintiff did not timely respond to the renewed motion, and the Court granted it as unopposed on January 19, 2023.   Doc. No. 27.   The Court also found that Defendant was entitled to recover its reasonable fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).   *Id.* at 4.   As it relates to fees and expenses, the Court ordered the parties to meet and confer on the issue on or before February 17, 2023, to determine an amount of reasonable fees and expenses that should be awarded. *Id.* at 5.   In the event the parties did not reach an agreement, the Court permitted Defendant to file a motion for quantification by February 28, 2023.   *Id.*

On February 22, 2023, Defendant filed the above-styled motion.   Doc. No. 29.   In the motion, Defendant seeks two different forms of relief: (1) recovery of fees in accordance with the Court's January 19, 2023 Order on the motion to compel,

and (2) involuntary dismissal of this case with prejudice for Plaintiff's alleged failure to communicate with Defendant, failure to comply with the Court's January 19, 2023 Order, and failure to otherwise litigate this case. *Id.* For the reasons stated herein, Defendant's motion will be granted in part, denied in part, and denied without prejudice in part. The Court addresses each form of relief in turn.

*Attorneys' Fees*

In support of the request for attorneys' fees in accordance with the January 19, 2023 Order on the motion to compel, Defendant submits the declaration of its counsel, Luis A. Santos, Esq. Doc. No. 29, at 7–8; Doc. No. 29-2. Mr. Santos is the partner and lead attorney in the case with 12 years' experience; Viktoryia Johnson, Esq. is an associate with 6 years' experience. Doc. No. 29-2 ¶¶ 3–4. Defendant seeks to recover $405 per hour for the work of Mr. Santos, and $310 per hour for the work of Ms. Johnson. *Id.* ¶ 4. Upon review, and based on its experience, the Court finds these hourly rates acceptable in this case, absent argument or authority to the contrary from Plaintiff. *See, e.g., Centennial Bank v. Vazquez,* No. 6:20-cv-2237-ACC-EJK, 2021 WL 5055032, at *2 (M.D. Fla. Oct. 14, 2021), *report and recommendation adopted,* 2021 WL 5051980 (M.D. Fla. Nov. 1, 2021) (finding hourly rates of $505 for partners and $350–$345 for associates reasonable in a commercial breach of contract case); *Cunningham v. Sw. Airlines,* 548 F. Supp. 3d 1169, 1172 (M.D. Fla. 2021) (finding hourly rates of $345 and $245 reasonable for partners and associates in a

Title VII civil rights action); *Baez v. LTD Fin. Servs., L.P.*, No. 6:15-cv-1043-Orl-40TBS, 2019 WL 2223773, at *3-4 (M.D. Fla. May 23, 2019) (awarding hourly rate of $450 for attorneys with 19, 24, and 27 years of experience in a Fair Debt Collection Practices Act class action); *Inlet Marina Villas Condo. Ass'n, Inc. v. United Specialty Ins. Co.*, No. 6:17-cv-1337-Orl-40DCI, 2019 WL 2720219, at *3-4 (M.D. Fla. June 13, 2019), *report and recommendation adopted sub nom. Inlet Marina Villas Condo. Ass'n, Inc. v. United Specialty Ins. Co.*, 2019 WL 2717196 (M.D. Fla. June 28, 2019) (awarding hourly rates of $450, $350, and $250 for attorneys litigating insurance disputes in the Orlando Division).

Defendant also seeks to recover fees for a total of 6.7 hours of work performed by its counsel in relation to the motion to compel, which includes 0.5 hours spent by Mr. Santos, and 6.2 hours spent by Ms. Johnson.   Doc. No. 29-2 ¶ 4 & at 4–6. According to Mr. Santos's declaration, this does not include time spent drafting the above-styled motion or counsel's conferral efforts with Plaintiff regarding the issue of fees in accordance with the January 19, 2023 Order on the motion to compel.   *Id.* ¶ 7.   However, upon review of the billing records, the request does include 5 hours of time spent drafting the initial motion to compel, which motion, as discussed above, the Court denied for failure to comply with the Standing Order on Discovery Motions.   *See id.* at 5.   *See also* Doc. Nos. 23–24.   Given the non-compliance with the Standing Order and that the motion was denied, however, the Court finds a

portion of these hours "excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Accordingly, the Court will deduct 4 hours sought for the work performed by Ms. Johnson.

For these reasons, the Court will award Defendant fees in accordance with the January 19, 2023 Order on the motion to compel, as follows:

- Mr. Santos: 0.5 hours at $405 per hour, for a total of $202.50

- Ms. Johnson: 2.2 hours at $310 per hour, for a total of $682.00

- Total: $884.50

*Involuntary Dismissal*

Defendant improperly combines the request for involuntary dismissal with its motion for attorneys' fees. *See, e.g.*, *Collins v. Bereczki*, No. 8:19-cv-162-T-24JSS, 2020 WL 1433052, at *2 (M.D. Fla. Mar. 24, 2020) ("It is not proper to combine requests for two different forms of relief into one motion. . . ."); *Est. of Coleman v. Scott*, No. 2:10-cv-105-FtM-36SPC, 2010 WL 3042822, at *1 (M.D. Fla. July 30, 2010) ("Each separate request for relief should be set forth in separate motions. . . ."). Accordingly, to the extent that Defendant requests involuntary dismissal for Plaintiff's failure to comply with Court Orders and participate in the litigation of this case, the motion will be denied without prejudice to renewal by separate motion, containing a memorandum of legal authority in support of this relief. *See, e.g.*, *Collins*, 2020 WL 1433052, at *2.

- 5 -

*Conclusion*

For the reasons stated herein, it is **ORDERED** as follows:

1.       Defendant's Motion (Doc. No. 29) is **GRANTED in part, DENIED in part, and DENIED without prejudice in part**.

2.       To the extent that the Motion requests fees in accordance with the Court's January 19, 2023 Order on the motion to compel, the Motion (Doc. No. 29) is **GRANTED in part**, and Defendant is awarded a total of **$884.50** in fees for the motion to compel.   On or before **May 12, 2023,** Plaintiff shall deliver to Defendant **$884.50** in satisfaction of Defendant's request for fees and costs in conjunction with the motion to compel.   The request for fees is **DENIED in all other respects**.

3.       To the extent that the Motion requests involuntary dismissal of this case, the Motion (Doc. No. 29) is **DENIED without prejudice** to filing a separate, properly supported motion.

4.       **Plaintiff is cautioned that failure to comply with this Order may result in further sanctions.   *See* Fed. R. Civ. P. 37(b)**.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties